**Charles Paul HENDERSON et al., Plaintiffs-Appellants,**

**v.**

**W. L. STERRETT et al., Defendants-Appellees.**

**No. 71–1178**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1971.

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Sam Eck, Atty., Dallas Legal Services Foundation Inc., Dallas, Tex., for plaintiffs-appellants.

John B. Tolle, Asst. Dist. Atty., Dallas County, Henry Wade, Dist. Atty., Dallas, Tex., for defendants-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ Appellant brought an action on behalf of himself and an alleged class. On December 18, 1970, the defendants filed their first and only pleading, an unverified motion to dismiss, asserting the single ground that plaintiff had received all the relief sought by him and describing relief allegedly afforded him on his individual claim. The motion did not refer to relief sought on behalf of the class, in fact made no reference to the class action. The caption to the motion named only appellant as a party plaintiff, omitted the description of the class which was in the caption of the complaint, and lacked even the ubiquitous "et al."

The motion bore a certificate that a copy was mailed to counsel for plaintiff on December 18, the day it was filed. However, on the same day, December 18, without hearing, and on the pleadings and exhibits, the court entered an order dismissing the action on the ground it was moot because plaintiff "has been afforded all relief requested."

Appellant contends to us that even as to him the action is not moot, and, in any event, dismissal of the class action was improper.

It is obvious that the dismissal will not stand scrutiny. In fact it is difficult to understand why appellees have submitted appellant to the necessity of coming to this court for relief from an order improvidently entered at their behest. The one-paragraph explanation of appellees—that appellant waived any right to a hearing because he did not demand one—is no explanation at all for shooting appellant on the ground. Appellant is entitled to his day in court on the issue of mootness of the individual claim and of whether the class action sought to be asserted is subject to dismissal under Fed.R.Civ.P. 23.

The dismissal is vacated and the cause remanded to the District Court.

Costs are taxed against appellees.